DLD-015                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2882
_____

IN RE: BRADLEY LIVINGSTON,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus from the United States District Court
for the District of New Jersey
(Related to D.N.J. Civ. No. 2:24-cv-5838)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 23, 2025

Present: RESTREPO, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: November 3, 2025)
_____

OPINION*
_____

PER CURIAM

Pro se Petitioner Bradley Livingston has filed a petition for writ of mandamus

seeking relief in his case in the United States District Court for the District of New

Jersey. We will deny Livingston's mandamus petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Livingston's underlying case in the District Court arises from his purported wrongful termination from employment. Livingston requests this Court to: (1) vacate sanctions issued against him; and (2) order the District Court to rule on pending motions.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Mandamus should not issue unless the petitioner has "no other adequate means to attain the relief" sought and has shown that his right to the writ is "clear and indisputable." Id. at 378-79 (quoting Cheney v. United States Dist. Ct., 542 U.S. 367, 380-81 (2004)). However, mandamus relief can be warranted when a court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

A review of the District Court docket in the case listed above does not indicate undue delay. The District Court has been actively involved and has issued numerous orders related to relevant filings. Livingston filed an amended complaint in May 2025. The Defendant answered that amended complaint 10 days later. In July 2025, the Magistrate Judge denied Livingston's motion for the appointment of counsel. Livingston then filed a notice of appeal on July 2, 2025, in which he appealed from several orders from the District Court. That appeal remains pending. See C.A. No. 25-2284.

Livingston filed a motion for summary judgment in July 2025, and the Defendant filed a response in opposition. Livingston's July 2025 motion for summary judgment remains pending. This Court has every confidence that the District Court will rule on

Livingston's outstanding motion for summary judgment in due course. Accordingly, Livingston fails to show extraordinary circumstances to warrant granting a writ of mandamus.[2]

To the extent that Livingston is challenging Magistrate Judge Espinosa as the assigned Magistrate Judge, no mandamus relief is warranted. Livingston filed a motion to recuse Magistrate Judge Espinosa. Magistrate Judge Espinosa denied Livingston's recusal motion finding that he failed to provide adequate reasons for recusal and noted that the Court's orders did not constitute a proper basis for recusal. We see no reason to grant the extraordinary relief of mandamus with respect to Magistrate Judge Espinosa's decision not to recuse. First, judicial decisions are generally not a basis for a judge to recuse himself. See Liteky v. United States, 510 U.S. 540, 555 (1994). Second, Livingston had further recourse by appealing Magistrate Judge Espinosa's order not to recuse to the District Judge.

Livingston also requests that this Court intervene with respect to sanctions that have been issued against him in the District Court. In reviewing the record, the sanctions against Livingston in this underlying District Court case appear related to the Chief Judge of the District of New Jersey's preclusion order against Livingston entered on May 7, 2025. That preclusion order stated that any *new case* by Livingston be assigned to the

---

[2] Livingston requested in a supplement to his mandamus petition that he is also entitled to default judgment. However, as indicated above, the Defendant filed an answer to Livingston's amended complaint.

Chief Judge of the District of New Jersey. It further required Livingston to show cause in any *new action* why his claims are not frivolous or otherwise duplicative to his other cases. Shortly after the Chief Judge of the District New Jersey issued that preclusion order, Livingston filed an amended complaint in the underlying District Court case giving rise to this mandamus petition. The Defendant, 10 days later, filed its answer to that pleading. The underlying case remains open and ongoing. Livingston comes forward with nothing in this mandamus petition to warrant the extraordinary relief of mandamus relevant to any sanctions. This is particularly so given the active and ongoing nature of Livingston's case in D.N.J. Civ. No. 24-cv-5838 described above.

Accordingly, we will deny Livingston's mandamus petition.